

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. **'21 MJ4449** |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section 1324(a)(2)(B)(iii) |
| Hugo Armando TRUEBA Jr. (D1), ) | Bringing in Unlawful Alien(s) Without Presentation |
| Maribel HERNANDEZ Diaz (D2), ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Defendants. ) | Attempted Entry After Deportation |

The undersigned complainant, being duly sworn states:

### Count 1

On or about November 12, 2021, within the Southern District of California, Defendant Hugo Armando TRUEBA Jr., with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that alien(s), namely, Olaf Israel GARCIA Mondragon and Adan LOZADA Hernandez had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien(s), and upon arrival did not bring and present said alien(s) immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

## Count 2

On or about November 12, 2021, within the Southern District of California, Defendant, Maribel HERNANDEZ-Diaz, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro, California Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the Defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Adriana A. Burns, CBP Officer
U.S. Customs and Border Protection

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 15th of November 2021.

_____
HON. ALLISON H. GODDARD
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Gabriela Nicasio, declare under penalty of perjury the following to be true and correct:

The complainant states that Olaf Isreal GARCIA Hernandez and Adan LOZADA Hernandez are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimonies are material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 12, 2021, at approximately 2:51 A.M., Hugo Armando TRUEBA Jr. (D1), a United States citizen, applied for admission into the United States from Mexico at the San Ysidro, California Port of Entry vehicle primary lanes as the driver, and sole visible occupant of a 2011 Ford Fusion bearing California license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 presented his Texas Driver License as his entry document, and said he was going to San Ysidro, California to visit his girlfriend. D1 stated he had nothing to declare from Mexico and claimed ownership of the vehicle. The CBP Officer noticed the passenger side of the vehicle leaned lower than the driver side and conducted an inspection of the vehicle's trunk, discovering three individuals concealed inside. D1 was secured and escorted to the security office. The vehicle was driven to the secondary inspection lot for further inspection.

In secondary, CBP Officers opened the trunk and assisted three individuals out of the vehicle. The three individuals were later identified as Olaf Israel GARCIA MONDRAGON, Adan LOZADA Hernandez and Maribel HERNANDEZ Diaz (D2), all determined to be a citizens of Mexico without documents to enter, pass through or reside in the United States. GARCIA Mondragon and LOZADA Hernandez are now held as Material Witnesses.

Department of Homeland Security (DHS) records confirmed D2 to be a citizen of Mexico with no legal rights to enter the United States. DHS records indicate D2 was ordered removed from the United States to Mexico by an Immigration Judge on or about June 22, 1999 and physically removed from the United States to Mexico on or about June 23, 1999 through San Ysidro, California. D2 was last physically removed from the United States to Mexico on or about April 4, 2020. DHS records contain no evidence D2 has applied for or received permission from the Attorney General or the Secretary of Homeland Security to legally re-enter the United States.

Probable Cause Statement Continued on Page 2,

1

Continuation of Probable Cause Statement
RE: U.S. v. Hugo Armando TRUEBA Jr. et al

On November 12, 2021, at approximately 7:54 A.M., D1 was advised of his Miranda Rights and elected to make a statement. D1 denied knowledge of the individuals concealed in his vehicle.

At approximately 6:53 A.M., D2 was advised of her Miranda Rights and elected to give a statement. D2 admitted she is a citizen of Mexico without documents to enter, reside or pass through the United States. D2 stated she was going to San Jose, California and was going to pay $10,000 USD upon successful entry. D2 stated she knows it is against the law to attempt to enter into the United States without lawful documents. D2 admitted to having previously been removed from the United States to Mexico by an Immigration Judge.

During a videotaped interview, Material Witnesses admitted they are citizens of Mexico with no documents to lawfully enter or reside in the United States. Material Witnesses stated they made the smuggling arrangements with unknown persons in Mexico for smuggling fees of $18,000 to $20,000 U.S. dollars to be paid upon successful entry. Material Witnesses stated they were going to various locations in the United States to seek employment and reside.

Executed on this 12th day of November 2021, at the San Ysidro Port of Entry at 5:00 P.M.

_____
Gabriela Nicasio / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (2) pages, I find probable cause to believe that the defendant named therein committed the offense on November 12, 2021 in violation of Title 8, United States Code, Section 1324.

Allison H. Goddard                                    12:07 PM, Nov 13, 2021
_____                        _____
MAGISTRATE JUDGE                                      DATE / TIME

2

## AMENDED PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Officer Adriana A. Burns, declare under penalty of perjury the following to be true and correct:

The complainant states that Olaf Israel GARCIA Mondragon and Adan LOZADA Hernandez are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimonies are material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 12, 2021, at approximately 2:51 A.M., Hugo Armando TRUEBA Jr. (D1), a United States citizen, applied for admission into the United States from Mexico at the San Ysidro, California Port of Entry vehicle primary lanes as the driver, registered owner, and sole visible occupant of a 2011 Ford Fusion bearing California license plates. Upon inspection before a United States Customs and Border Protection (CBP) Officer, D1 presented his Texas Driver License as his entry document, and said he was going to San Ysidro, California to visit his girlfriend. D1 stated he had nothing to declare from Mexico and claimed ownership of the vehicle. The CBP Officer noticed the passenger side of the vehicle leaned lower than the driver side and conducted an inspection of the vehicle's trunk, discovering three individuals concealed inside. D1 was secured and escorted to the security office. The vehicle was driven to the secondary inspection lot for further inspection.

In secondary, CBP Officers opened the trunk and assisted three individuals out of the vehicle. The three individuals were later identified as Olaf Israel GARCIA MONDRAGON, Adan LOZADA Hernandez and Maribel HERNANDEZ Diaz (D2), all determined to be a citizens of Mexico without documents to enter, pass through or reside in the United States. GARCIA Mondragon and LOZADA Hernandez are now held as Material Witnesses.

Department of Homeland Security (DHS) records confirmed D2 to be a citizen of Mexico with no legal rights to enter the United States. DHS records indicate D2 was ordered removed from the United States to Mexico by an Immigration Judge on or about June 22, 1999 and physically removed from the United States to Mexico on or about June 23, 1999 through the San Diego, California Airport. D2 was last physically removed from the United States to Mexico on or about April 3, 2020 through Hidalgo, Texas. DHS records contain no evidence D2 has applied for or received permission from the Attorney General or the Secretary of Homeland Security to legally re-enter the United States.

On November 12, 2021, at approximately 7:54 A.M., D1 was advised of his Miranda Rights and elected to make a statement. D1 denied knowledge of the individuals concealed in his vehicle.

At approximately 6:53 A.M., D2 was advised of her Miranda Rights and elected to give a statement. D2 admitted she is a citizen of Mexico without documents to enter, reside or pass through the United States. D2 stated she was going to San Jose, California and was going to pay $10,000 USD upon successful entry. D2 stated she knows it is against the law to attempt to enter into the United States without lawful documents. D2 admitted to having previously been removed from the United States to Mexico by an Immigration Judge.

During a videotaped interview, Material Witnesses admitted they are citizens of Mexico with no documents to lawfully enter or reside in the United States. Material Witnesses stated they made the smuggling arrangements with unknown persons in Mexico for smuggling fees of $18,000 to $20,000 U.S. dollars to be paid upon successful entry. Material Witnesses stated they were going to various locations in the United States to seek employment and reside.